# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 18, 2011

## STATE OF TENNESSEE v. MONTARIUS A. WILLIAMS

**Direct Appeal from the Criminal Court of Davidson County**
**Nos. 2006-A-885, 2006-B-1602     J. Randall Wyatt, Jr., Judge**

---

**No. M2010-02666-CCA-R3-CD - Filed December 15, 2011**

---

This is an appeal from the trial court's order revoking the community corrections sentence of the Defendant, Montarius A. Williams, and ordering him to be incarcerated. The Defendant contends (1) that some of the proof offered in support of revocation should have been suppressed as the result of an illegal search and (2) that the evidence is not sufficient to support the trial court's decision. After a thorough review of the record, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Michael S. Colavecchio, Nashville, Tennessee, for the appellant, Montarius Williams.

Robert E. Cooper, Jr., Attorney General & Reporter; Leslie E. Price, Assistant Attorney General; Victor S. Johnson III, District Attorney General; Ben Ford, Assistant District Attorney General; for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

The Defendant pled guilty in September 2006 to two counts of possession with intent to sell or deliver over 26 grams of a Schedule II controlled substance, Class B felonies. The trial court sentenced the Defendant to nine years on each count, to be served consecutively and suspended to community corrections after service of 365 days. After the Defendant was released on community corrections, the State sought to have his community corrections service revoked. At the revocation hearing, the following proof was adduced.

Detective Mark Anderson of the Metropolitan Nashville Police Department testified that, around midnight on September 25, 2010, he was driving on Interstate 24 when he noticed a car "straddling" the line between two lanes. As Det. Anderson continued his observations, the driver "continued to travel for a while in that position, drifted over, all the way over to the number three lane . . . , came back over between the number one and number two lane again." Det. Anderson stopped the car, which was being driven by the Defendant, and when he approached, he "immediately noticed a strong smell of marijuana." Det. Anderson requested the Defendant's identification and registration and asked him to step from the car. The Defendant consented to a search of his person and Det. Anderson found $180 in one pocket and $750 in another pocket. Det. Anderson did not find any drugs on the Defendant's person.

Det. Anderson could still smell marijuana so he began searching the car. He found seven blue pills in a baggie that he thought were Lortabs. The Defendant told Det. Anderson that he had a prescription for the pills. Det. Anderson took the Defendant into custody and resumed searching the car. In the trunk, Det. Anderson found marijuana. Det. Anderson then searched the console in the front of the car and found a loaded handgun.

After receiving and waiving his Miranda rights, the Defendant "admitted knowledge of the gun and he said that he had handled the gun. He admitted that he knew that the gun was in there. He admitted to the marijuana. He said that he was delivering the marijuana to a subject named West in East Nashville."

Alfred Moore, Jr., of the Davidson County Community Corrections Program testified that he supervised the Defendant's release on community corrections. He took out a warrant on the Defendant for failure to abide by his 7:00 p.m. to 6:00 a.m. curfew; for being charged with new offenses; and for possessing a handgun. All of these issues, if proven, would constitute violations of his community corrections sentence. Moore also testified that this was "not the first time that [his] office has had problems with [the Defendant]."

Demetris Stewart, the Defendant's wife, testified that both the car the Defendant was driving when he was pulled over and the handgun in the car were hers. She had placed the gun in the car earlier that day. She had purchased the gun for personal protection in August of 2010 at a gun show, and a copy of the receipt was admitted into evidence. On the day in question, she needed to trade cars with the Defendant because his was larger and she needed the extra passenger space. She forgot to remove her gun from her car when she took the Defendant's vehicle. Stewart testified that she had a flat tire in the Defendant's vehicle and that he was on his way to help her when he was pulled over. Stewart verified that the Defendant had a prescription for Lortabs, and a copy of the prescription was admitted into evidence. On cross-examination, Stewart stated that the marijuana found in the car was not hers.

At the conclusion of the hearing, the trial court ruled in favor of the State, revoking the Defendant's community corrections sentence and ordering him incarcerated under the original sentence. The trial court noted that the Defendant had violated his community corrections sentence in the past and that the trial court had been lenient in dealing with those "little mix-ups." In spite of his repeated chances to abide by the provisions of his sentence, the Defendant had violated his curfew and been found in possession of a handgun and marijuana. Accordingly, the trial court determined that it had "no choice" but to sustain the violation warrant. The trial court also entered a lengthy written order after the hearing in which it recited in detail the numerous times that the Defendant had violated the terms of his sentence prior to the instant violations.

The Defendant has appealed, arguing that (1) some of the State's evidence should have been excluded because Det. Anderson's search of the trunk was illegal and (2) the admissible evidence is insufficient to support the trial court's decision.

## Analysis

### Standard of Review

This Court will not overturn a trial court's decision to revoke a defendant's community corrections sentence absent an abuse of discretion. See State v. Harkins, 811 S.W.2d 79, 82-83 (Tenn. 1991). We will not find an abuse of discretion unless the record contains no substantial evidence supporting the trial court's conclusion that a violation of the conditions of the defendant's community corrections sentence has occurred. See id. at 82. Moreover, the proof supporting revocation is sufficient "if it allows the trial judge to make a conscientious and intelligent judgment." Id.

### Illegal Search

The Defendant's primary argument before this Court is that Det. Anderson's search of the trunk was illegal because it was conducted without either obtaining the Defendant's consent or pursuant to an inventory after confiscation. Accordingly, the Defendant argues, "the bag of marijuana cannot be used as evidence against the appellant to revoke his probation [sic]." The Defendant, however, did not raise this issue in the trial court. Therefore, he has waived review of this issue. State v. Reams, 265 S.W.3d 423, 431 (Tenn. Crim. App. 2007); see also Tenn. R. App. P. 36(a).

### Sufficiency of the Evidence

The Defendant also contends that the evidence is not sufficient to support the trial court's decision to revoke his community corrections sentence. We disagree.

Consistent with his testimony, Moore's affidavit in support of the revocation warrant sets forth three grounds supporting revocation: (1) violation of curfew; (2) failure to obey all federal, state and local laws; and (3) possession of a firearm.[1] The uncontroverted proof at the revocation hearing established that the Defendant was pulled over around midnight, long past his curfew; that he was in possession of marijuana for delivery, in violation of Tennessee Code Annotated sections 39-17-415(a)(1) (2010) and 39-17-417(a)(4) (2010); and that he was in possession of a handgun after having been convicted of a felony drug offense, in violation of Tennessee Code Annotated section 39-17-1307(b)(1)(B) (2010). Although the Defendant recites in his brief that "[n]o evidence or testimony has been presented showing that the [Defendant] had knowledge of the presence of" the handgun, Det. Anderson testified that the Defendant told him that the Defendant "knew the gun was in" the car. We hold that the evidence is sufficient to support the trial court's decision to revoke the Defendant's community corrections sentence. Therefore, the Defendant is entitled to no relief on this issue.

## Conclusion

We affirm the judgment of the trial court revoking the Defendant's community corrections sentence and ordering the Defendant to serve his sentence in confinement.

_____
JEFFREY S. BIVINS, JUDGE

---

[1] Although a copy of the revocation warrant is included in the record, a copy of the conditions applicable to the Defendant's community corrections sentence is not in the record. Best practices would indicate that the State should place this information in the record when it is seeking revocation of a defendant's probation or community corrections sentence.